## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA  : | |
| : | |
| v.      : | Criminal No.  1:22CR25 |
| : | |
| JOHN F. COCHCROFT      : | Violations: 21 U.S.C. §§ 331(d), 355, & 333(a)(2) |
| : | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(E), & 846 |

## INFORMATION

The United States Attorney charges that:

1.  At all times relevant to this information, John F. Cochcroft ("Cochcroft") was a resident of Lexington, South Carolina, and a United States citizen.

2.  The Food and Drug Administration ("FDA") of the United States Department of Health and Human Services regulates the manufacture and distribution of all food, including dietary supplements and drugs shipped or received in interstate commerce through enforcement of the Federal Food, Drug, and Cosmetic Act. 21 U.S.C. § 301, *et seq.* ("FDCA"). The requirements of the FDCA, in part, are meant to ensure that food and drugs sold for human use are safe and bear labeling that contains accurate and adequate information.

3.  The FDCA defines a "drug" in relevant part, as: (1) any article intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in man or other animal; (2) any article (other than food) intended to affect the structure or any function of the body; or (3) any article used as a component of either. 21 U.S.C. § 321(g). Whether an article is a drug is determined by its intended use, which is defined as "the objective intent of persons legally responsible for the labeling of drugs," and the intent is determined by "such person's expressions or may be shown by the circumstances surrounding the distribution of the article." 21 C.F.R. § 801.4. Such intent may be shown by labeling claims, advertising matter, or oral or written statements by such persons or their representatives. 21 C.F.R. § 201.128.

4. A drug is misbranded under the FDCA if its label is false or misleading in any particular, fails to bear adequate direction for use, or fails to bear adequate warnings. 21 U.S.C. § 352(a)(1); 21 U.S.C. § 352(f).

5. Some drugs are "new drugs," which are defined as any drugs the composition of which are not generally recognized, among experts qualified by scientific training and experience to evaluate the safety and effectiveness of drugs, as safe and effective for use under the conditions prescribed, recommended, or suggested in their labeling. 21 U.S.C. § 321(p). It is a prohibited act for any person to introduce or deliver for introduction or to cause the introduction or delivery for introduction into interstate commerce any new drug unless it has been the subject of a new drug application approved by FDA. 21 U.S.C. § 331(d), 355(a). Such introduction or delivery for introduction into interstate commerce is a felony violation when it is done with the intent to defraud and mislead. 21 U.S.C. § 333(a)(2). Unlike drugs, dietary supplements are not subject to the requirement that manufacturers and distributors obtain FDA approval before introducing such products into interstate commerce.

6. Some drugs are also classified as "anabolic steroids" under the Controlled Substances Act, 21 U.S.C. § 812(c), Schedule III(e). Anabolic steroids are synthetically produced variants of the naturally occurring male hormone testosterone, and are commonly used by bodybuilders, athletes, and fitness enthusiasts who claim steroids give them a competitive advantage and/or improve their physical performance. The Anabolic Steroids Control Act of 1990 placed anabolic steroids into Schedule III of the Controlled Substances Act as of February 27, 1991. The possession or sale of anabolic steroids without a valid prescription is illegal.

7. From May 2017 to November 2021, Cochcroft operated businesses to, among other things, create, bottle, and label drug products; marketed these products to those in the body-building and fitness community to increase muscle mass or otherwise affect the structure or function of the

body; and distributed these products in interstate commerce from South Carolina to Virginia and other states throughout the United States.

8. Beginning in or around February 2016 and continuing to September 2018, Cochcroft regularly introduced and caused the introduction of misbranded drugs and unapproved new drugs into interstate commerce. These drugs introduced into interstate commerce included, but were not limited to, the following drugs and new drugs, on or about the dates listed below:

| Approximate Date(s) | Product Details | Active Ingredient(s) On Label | Other Labeling |
|---|---|---|---|
| 9/5/2018 | KING | Max LMG and Methyl 1Alpha | "DIETARY SUPPLEMENT" |
| 9/5/2018 | KONG | MK 2866 (osterine) and LGD 4033 | "DIETARY SUPPLEMENT" |
| 9/5/2018 | BLACK MAGIC | Max LMG and MSTEN (Methyl-Sten) | "DIETARY SUPPLEMENT" |

9. All of the above products were intended to affect the structure or any function of the body rendering them drugs under 21 U.S.C. § 321(g)(1). The above products also were misbranded drugs, because Cochcroft caused them to be manufactured in an unregistered facility in South Carolina. 21 U.S.C. § 331(a); 21 U.S.C. § 352(o).

10. The above products were also new drugs that required FDA approval before they lawfully could be distributed in interstate commerce. 21 U.S.C. § 331(d). These products were further misbranded because they failed to bear labeling with adequate directions for use, as is required for new drugs. 21 CFR § 201.100.

11. Cochcroft knowingly took steps to mislead and defraud the Government and consumers in the sale of the above products. Cochcroft knew the stated ingredients in the above products were subject to scrutiny by government law enforcement agencies, including the FDA. To avoid this regulatory scrutiny, Cochcroft used different mailing addresses with fictitious business

names to bring in raw drug ingredients, and he worked with Chinese suppliers to mislabel imported drug products as foodstuff items. Additionally, Cochcroft knowingly failed to obtain regulatory approval for all of the above products.

12. On or about November 24, 2021, the Government seized various products containing anabolic steroids from a facility controlled by Cochcroft in Lexington, South Carolina. Cochcroft knowingly and intentionally manufactured, distributed, and possessed with intent to distribute these anabolic steroids, as follows:

| Item Seized | Anabolic Steroid |
| --- | --- |
| Sealed silver bag identified "HJ-01 1kg" | Testosterone decanoate |
| Unsealed silver bag identified in part as "TP 500g" | Testosterone propionate |
| Sealed silver bag identified as "TRA 50 g" | Trenbolone acetate |
| Sealed silver bag identified as "X 50 g" | Methandrostenolone |

13. During the period of 2017 to 2021, Cochcroft caused the distribution of not less than $500,000 worth of the above misbranded new drugs and anabolic steroids.

## COUNT ONE

The United States Attorney charges that:

14. The Introduction is re-alleged and incorporated by reference.

15. From February 2016 to September 2018, John F. Cochcroft, in the Western District of Virginia, District of South Carolina, and elsewhere, with the intent to defraud and mislead, introduced and delivered for introduction into interstate commerce quantities of misbranded drugs and new drugs, which FDA had not approved for distribution in the United States.

16. All in violation of 21 U.S.C. §§ 331(d), 355, and 333(a)(2).

## COUNT TWO

The United States Attorney charges that:

17. The Introduction is re-alleged and incorporated by reference.

18. From January 2020 to November 24, 2021 in the Western District of Virginia, District of South Carolina, and elsewhere, John F. Cochcroft knowingly and intentionally manufactured, distributed, and possessed with intent to distribute anabolic steroids, Schedule III controlled substances, as defined by 21 U.S.C. §§ 802(41)(A) and 812(c)(Schedule III)(e), and attempted to do so.

19. All in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(E), and 846.

## **NOTICE OF FORFEITURE**

20. Upon conviction of the offense alleged in this Information John F. Cochcroft shall forfeit to the United States unapproved new drugs, pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461, that were shipped to various locations in the United States.

21. Because the above-described forfeitable property has been transferred and sold to third parties and cannot be located upon the exercise of due diligence, the United States intends to seek forfeiture of $200,000 pursuant to 21 U.S.C. § 853(p).

DATED: May 20, 2022

CHRISTOPHER R. KAVANAUGH
United States Attorney

By: /s/Randy Ramseyer
     Assistant United States Attorney

GUSTAV W. EYLER
Director
Consumer Protection Branch
U.S. Department of Justice

By:
     /s/Speare I. Hodges
     Trial Attorney